IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

**In re:**

| | | |
|---|---|---|
| **CARRAWAY METHODIST** | ) | Case No. 06-03501-TOM-11 |
| **HEALTH SYSTEMS, et al.,** | ) | Chapter 11 Proceedings |
| | ) | |
| **Debtors.** | ) | Jointly Administered |

### MEMORANDUM OPINION AND ORDER
### DENYING MOTION FOR RELIEF FROM STAY TO CONTINUE
### TORT LITIGATION IN CIRCUIT COURT FOR JEFFERSON COUNTY[1]

This matter came before the Court for a hearing on November 27, 2006 on the Motion for Relief from Stay to Continue Tort Litigation in the Circuit Court for Jefferson County (the "Motion")(doc. #282) filed on behalf of Larry Singletary (the "Creditor") and the Debtors' Objection to the Motion (the "Objection")(doc. #362) filed by Carraway Methodist Health Systems, together with its affiliates, Carraway Medical Foundation, Carraway Health Services, Inc. and Advance Healthlink, L.L.C. (collectively, the "Debtors"). William R. Murray appeared on behalf of Singletary. Chris Hawkins and Helen Ball appeared on behalf of the Debtors. At the hearing, the Creditor failed to provide any testimony or evidence in support of the Motion. This Court has jurisdiction under 28 U.S.C. § 1334(b) and 28 U.S.C. § 157. Proper notice having been given and it appearing to the Court that the Creditor failed to show "cause" as required to lift the automatic stay pursuant to Section 362(d)(1) of the Bankruptcy Code, the Motion is due to be DENIED.[2]

---

[1] This constitutes findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

[2] This Court has taken as true most of the factual allegations contained in the Motion, none of which were disputed by the Debtors in their Objection, in making its findings of fact.

Creditor filed a complaint in the Circuit Court for Jefferson County (the "State Court") on December 18, 2004, Case No. CV-04-7269 (the "State Court Action"). The case has twice been set for jury trial, most recently October 6, 2006. In the interim, on September 18, 2006 (the "Petition Date"), the Debtors filed for relief under chapter 11 and, on or about the Petition Date, the Debtors filed a suggestion of stay in the pending State Court Action. Following notice of the stay, the trial date was vacated and no trial date is currently set.

The Motion seeks relief from the automatic stay of Section 362 to proceed to litigate the State Court Action. The Motion does not limit the relief sought to any available insurance proceeds. Counsel for the Creditor argued in open court that, of course, that is all the Creditor seeks because that is all the Creditor is entitled to under applicable bankruptcy law. This, however, was not plead and, in fact, as noted below, the existence of insurance coverage has not been established.

In determining whether to lift the automatic stay, the Court must balance the hardship to the creditor, if he is not allowed to proceed with his lawsuit, against potential prejudice to the debtor, debtor's estate and other creditors. In re Marvin Johnson's Auto Serv., Inc., 192 B.R. 1008 (Bankr. N.D. Ala. 1996). The factors relevant to balancing the hardships are: (1) trial readiness, (2) judicial economy, (3) resolution of preliminary bankruptcy issues, (4) costs of defense or other potential burden to the estate, (5) creditor's chances of success on the merits, (6) specialized expertise of non-bankruptcy forum, (7) whether damages are subject to equitable subordination, (8) extent to which trial in state court will interfere with the bankruptcy case, (9) anticipated impact on creditor if stay is lifted, and (10) presence of third parties over which bankruptcy court lacks jurisdiction. Id. The Motion, a mere five paragraph skeleton pleading, fails to address any of the factors, instead simply arguing that the Creditor should be permitted to reduce his claim to a liquidated sum so that his

**2**

proof of claim may be amended. There is no discussion of why the State Court is any better situated than this Court to liquidate the Creditor's claim. This Court does note, however, that the complaint seems to relate solely to state court issues as the complaint is titled "Plaintiff's Complaint Brought Under the Alabama Medical Liability Act for Medical Negligence, Tort of Outrage, and Tort of Assault and Battery". The allegations in the title would seem to all be controlled by Alabama state law; however, no copy of the complaint was provided to the Court and no further description of the action was provided.

Turning to the first factor, trial readiness, the Debtors, in their objection, argue that even though the case might be ready for trial (it has been postponed twice, once due to Creditor's failure to timely file an appearance at trial), no trial date is currently set and the Creditor is incarcerated and would not suffer any hardship from a delay in having his claim liquidated. Thus, this factor is neutral.

No evidence regarding judicial economy was submitted by the Creditor. The Motion makes no mention of whether there are any non-debtor defendants whom this Court would not have jurisdiction over, which would create the need for two separate trials and could result in a waste of judicial resources. Absent any evidence on this point, the Court cannot evaluate whether the interest of judicial economy would be served by lifting the stay.

The Debtors have made significant progress, including the sale of substantially all of the Debtors' assets, since the Petition Date even though the bankruptcy cases are only a little more than two months old. The Debtors' are in the process of winding down and transitioning the operations of the companies to the new owners. As this Court noted on a prior occasion, there are a large number of personal injury actions, wrongful death actions, workmen's compensation actions,

**3**

contract actions and others. All of this litigation will have to be dealt with by the Debtors and the Court, but it is premature to allow piecemeal litigation to proceed at this time and force the Debtors to divert energy and resources to defending varying state and federal litigation. The Debtors are in the midst of serious negotiations on a consensual plan of reorganization, which they hope will provide a uniform procedure to liquidate claims. The newness of the case, the large number of pending lawsuits, and the fact that the Debtors are close to proposing a plan that will deal with all of the lawsuits in a uniform fashion, all support maintaining the automatic stay.

The next factor, the cost of defense or potential burden on the estate, also favors a maintenance of the status quo. The Creditor asserted, without any evidence or testimony to support the assertion, that insurance was available and that the insurer, whom the Creditor did not identify, was contractually required to provide a defense. It is this Court's understanding, from information obtained in a prior hearing on a similar issue, that the Debtors are self-insured in some fashion by virtue of a trust (the details and the amount are unknown to the Court at this time). This Court has no evidence before it as to what insurance coverage, if any, is available to pay a judgment obtained in the State Court Action and who is responsible for the cost of defense. Absent an understanding of how the cost of defense will be borne and if, indeed, there even is insurance to pay any judgment, the Court refuses to allow the State Court Action to go forward with the possible result of forcing the Debtors to incur defense costs and draining much-needed time and energy from the Debtors' already limited management resources. The Creditor stated that, at a minimum, certain of the Debtors' employees would have to serve as witnesses (some may no longer be Debtors' employees but now may be employed by the purchaser), an example of how the State Court Action would interfere with these bankruptcy proceedings.

The Court is unable to analyze the creditor's chances of success on the merits, any specialized expertise the State Court would bring to the matter, and whether damages would be subject to equitable subordination because no evidence or testimony was presented on these points. Additionally, the Court has no evidence before it of the impact, if any, of allowing the claim to be litigated would have on the Creditor, who is currently incarcerated. The Court can see no real impact on the Creditor other than, if able to recover from insurance (a complete unknown at this point), the Creditor may be able to pay his counsel costs and fees, many of which presumably have already been incurred in preparing for trial. Likewise, with regard to the final factor, whether third parties are impacted, the Court has no evidence to weigh this factor. The Motion does not state if there are any non-debtor parties named as defendants that this Court lacks jurisdiction over.

The Creditor cited two cases in support of its Motion though neither case deals with the automatic stay directly. In In re Jason Pharm., Inc., 224 B.R. 315 (Bankr. D. Md. 1998), the court granted a motion to modify the discharge injunction to allow a creditor proceed with state court litigation solely to establish a right to payment from the insurer. The court considered whether the claim was discharged (answered in the affirmative based on language in the plan) and whether the creditor could proceed nominally against the debtor to recover from its insurer. *Jason* deals with the discharge injunction following confirmation, not the automatic stay. The court found that the injunction and the discharge are personal to the debtor and does not affect the enforcement of liability against a non-debtor. Unlike this situation, the court in *Jason* had evidence that there was insurance and that the insurance company had hired counsel to defend the action. There is nothing to indicate the availability of insurance coverage in this instance and, even more importantly, nothing in the Creditor's Motion stating that the creditor seeks solely to recover from available

5

insurance proceeds.  Likewise, in In re Jet Florida Sys., Inc., 883 F.2d 970 (11th Cir. 1989) the Eleventh Circuit affirmed the district court's decision that vacated the discharge injunction so that a creditor could recover from the insurance carrier where the only prejudice to the debtor, the cost of defending the suit, would likely be borne by the insurer.  This case similarly deals with the discharge injunction and does not address when relief from the automatic may be appropriate.

The factors set forth in *Marvin* compel this Court to deny to the Motion and sustain the Debtors' Objection.

It is, therefore, **ORDERED, ADJUDGED, AND DECREED** that the Objection is sustained and the Motion is DENIED.

Dated: December 7, 2006

/s/ **Tamara O. Mitchell**
TAMARA O. MITCHELL
United States Bankruptcy Judge

6

Case 06-03501-TOM11    Doc 392    Filed 12/06/06    Entered 12/06/06 11:07:48    Desc
Main Document    Page 6 of 6